UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHANIEL JENKINS,

                Petitioner,

v.

MICHAEL BURGESS,

                Respondent.

_____/

Case No. 1:21-cv-1073

Honorable Phillip J. Green

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.  Petitioner has consented to the conduct of all proceedings in this case, including entry of a final judgment and all post-judgment motions, by a United States magistrate judge.  (ECF No. 5.)  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas

action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations.  Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

<u>Discussion</u>

## I.   Factual Allegations

Petitioner Nathaniel Jenkins is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan.  Following a jury trial in the Ionia County Circuit Court, Petitioner was convicted of assaulting a prison employee, in violation of Mich. Comp. Laws § 750.197c, and possessing a weapon as a prisoner, in violation of Mich. Comp. Laws § 800.283.  On August 31, 1992, the court sentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent prison terms of 4 to 6 years for assault and 5 years to 7 years, 6 months for possession of a weapon.  Those sentences, in turn, were to be served consecutively to sentences for assault with intent to commit murder and felony-firearm that were imposed by the Genesee County Circuit Court on October 28, 1986.  By virtue of Petitioner's consecutive string of sentences, the Michigan Department of Corrections reports that Petitioner will first be eligible for parole on March 8, 2023; his maximum discharge date is January 20, 2049.  *See*

https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=155668 (last visited Jan. 19, 2022).

Petitioner directly appealed his convictions to the Michigan Court of Appeals. By opinion issued April 22, 1994, the court of appeals rejected Petitioner's challenges to his conviction and affirmed the trial court judgment. *See* https://www.courts.michigan.gov/c/courts/coa/case/157605 (last visited Jan. 19, 2022). Petitioner did not file an application for leave to appeal that decision to the Michigan Supreme Court. *Id*.; (Pet., ECF No. 1, PageID.2.)

More than 27 years passed and then Petitioner, on December 16, 2019, filed a motion for relief from judgment—or motion for new trial, as he describes it—in the trial court. (Pet., ECF No. 1, PageID.2.) The trial court denied relief initially by order entered October 19, 2020, and on reconsideration by order entered November 30, 2020. (Ionia Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.13.) On July 13, 2021, Petitioner filed an "Appeal of Right" to the Michigan Court of Appeals. (Pet'r's appellate filing, ECF No. 1-4, PageID.21–22.) By order entered July 20, 2021, the court of appeals dismissed the appeal for lack of jurisdiction, informing Petitioner that an appeal from an order denying a motion for relief from judgment was by leave, not by right. *People v. Jenkins*, No. 357837 (Mich. Ct. App. Jul. 20, 2021), https://www.courts.michigan.gov/4aac7c/siteassets/case-documents/uploads/coa/public/orders/2021/357837_6_01.pdf). The court of appeals denied reconsideration by order entered August 23, 2021. *People v. Jenkins*, No. 357837 (Mich. Ct. App. Aug.

23,           2021),           https://www.courts.michigan.gov/4aac7c/siteassets/case-documents/uploads/coa/public/orders/2021/357837_12_01.pdf).   Petitioner did not seek further review in the Michigan Supreme Court; he notes that further review is "Time barred!" (Pet., ECF No. 1, PageID.2.)

On December 20, 2021, the Court received Petitioner's habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on December 14, 2021.  (Pet., ECF No. 1, PageID.9.)

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

>    (C)    the date on which the constitutional right asserted was
>    initially recognized by the Supreme Court, if the right has been
>    newly recognized by the Supreme Court and made retroactively
>    applicable to cases on collateral review; or
>
>    (D)    the date on which the factual predicate of the claim or
>    claims presented could have been discovered through the exercise
>    of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the judgment of conviction to the Michigan Court of Appeals, but he did not pursue further relief after the court of appeals denied his motion for reconsideration.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added).  However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's

time for seeking that review expires).  Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court.  *See* Mich. Ct. R. 7.305(C)(2).[1]  Accordingly, Petitioner's conviction became final on June 17, 1994.

Prior to the effective date of the AEDPA, April 24, 1996, habeas corpus petitions were not subject to a statute of limitations.  Because enactment of the AEDPA one-year time limit could extinguish otherwise viable claims, the Sixth Circuit has held that there is a one-year grace period from enactment of the statute on April 24, 1996.  *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).  As a result, a petitioner whose conviction became final prior to the effective date of the AEDPA had until April 24, 1997, to file his petition.  *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir. 2000).   Petitioner's application, filed December 14, 2021, was obviously filed long after April 24, 1997.   Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly

---

[1] The 56-day time limit is presently set forth in Mich. Ct. R. 7.305.  At the time Petitioner failed to file his application for leave to the Michigan Supreme Court, that limit appeared in Michigan Court Rule 7.302.  *See, e.g., Matthews v. Abramajtys*, 39 F.Supp.2d 871, 875 (E.D. Mich. 1999) ("However, under MCR 7.302(C)(3), Petitioner had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court.").

filed"). Petitioner filed such an application when he filed his motion for relief from judgment in the trial court on December 16, 2019. But by then, it was already too late. The statute provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending. But the tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2001) (internal quotes omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id*.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g.*, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling.  *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).  Moreover, during the years after Petitioner's judgment became final he demonstrated the ability to proceed in the federal courts *pro per*.  He has filed literally dozens of prisoner civil rights cases in this Court as well as a handful of such cases in the United States District Court for the Eastern District of Michigan.  Accordingly, it does not appear that Petitioner is entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual

innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated:   January 19, 2022                    /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge